UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON DENNLER, an individual, | ) ) ) |
| Plaintiff, v. | ) ) ) ) |
| DISCOVER BANK, c/o CT Corporation System 4400 Easton Commons Way, Ste. 125 Columbus, OH 43219, and | ) ) ) ) ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., c/o CT Corporation System 4400 Easton Commons Way, Ste. 125 Columbus, OH 43219 | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

**COMES NOW**, Plaintiff, AARON DENNLER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, DISCOVER BANK (hereinafter, "Discover"), and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Discover's violations of the Fair Credit Reporting Act, 15 United States Code, Section

1681 *et seq*. (hereinafter, the "FCRA") wherein Discover improperly credit-reported and subsequently improperly verified their respective credit reporting of alleged balances owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian that was created or allegedly incurred as a result of identity theft and fraud. More specifically, despite Plaintiff advising Discover that he did not open the alleged account, did not use the alleged account, and did not benefit from the account in any way —and after Plaintiff disputed Discover's reporting of such erroneous information directly to Experian— Discover *continued* to report such account with a significant fraudulent, balance due and past-due.

2. Furthermore, this is an action for damages for Experian's violations of the FCRA wherein Experian each continued to incorrectly report Plaintiff as the individual responsible for the alleged balances on the Discover account Plaintiff disputed and advised that any balances allegedly owed were a result of identity theft and fraud, and after Plaintiff provided information to Experian in support of his dispute, including but not limited to sworn statements.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331, pursuant to the FCRA, 15 United States Code Section 1681, et seq.

4. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

5. Venue is proper in this District as the acts and transactions described herein occur in this District.

6. At all material times herein, Plaintiff is a natural person residing in Hamilton County, Ohio.

7. At all material times herein, Discover Bank is a foreign for-profit corporation with its principal place of business located at 2500 Lake Park Boulevard, West Valley, Utah 84120.

8. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a fair and equitable manner to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from

3

before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

14. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15. Under the FCRA, any person who willfully fails to comply with any

4

requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

17. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

18. At all material times herein, Discover, themselves and through their subsidiaries, regularly extend credit cards—and credit report debts associated with the same—allegedly owed by consumers residing in Hamilton County, Ohio.

19. At all material times herein, Discover furnished information to Experian regarding the Account referenced by account numbers beginning:

   a. Discover Account – 601101202651-

20. At all material times herein, Plaintiff did not authorize any individual or entity to open the Account in his name, Plaintiff did not use the Account in any

5

manner, and Plaintiff did not receive the benefit of any good or services as a result of any transactions made creating the Alleged Debt.

21. At all material times herein, Discover is a "person" who furnish information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

23. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

24. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

25. During or about February 2023, an account furnished by Discover was allegedly opened in Plaintiff's name.

26. To the extent the account was opened by an individual or entity, such individual or entity opened the account without Plaintiff's consent, knowledge, or approval.

27. As such, the account was opened in Plaintiff's name as a result of identity theft and fraud.

28. Soon thereafter, Plaintiff was alerted about the Account being reported on his credit reports and files.

29. At that time, Plaintiff hired a third-party credit repair company to help assist him in removing the Account from his credit reports and files.

30. Plaintiff submitted multiple disputes via the credit repair company to Experian.

31. Unfortunately, the credit repair company was unable to remove the Account from his credit reports and credit files.

32. On June 3, 2025, Plaintiff executed a Federal Trade Commission Identity Theft Report (hereinafter, "FTC Report") referenced by FTC Report Number: 188182641.

33. On or about June 9, 2025, Plaintiff submitted a dispute to Trans Union, Experian, and Equifax, advising them that he was a victim of identity theft and fraud and that the Account did not belong to Plaintiff (hereinafter, Plaintiff's "June 2025 Dispute").

34. In support of Plaintiff's June 2025 Dispute, Plaintiff enclosed a copy of the FTC Report and a copy of his driver's license.

35. Experian, Equifax, and Transunion received Plaintiff's June 2025 Dispute.

36. Importantly, Trans Union and Equifax deleted the Account from

Plaintiff's credit reports and files in response to Plaintiff's June 2025 Dispute.

37. However, despite Plaintiff's June 2025 Dispute clearly stating that Plaintiff did not open the Account, Experian's response purportedly verified its reporting of the Discover Account and continued to report the Account with balances due, past-due, and charged off, resulting in the Account being reported as derogatory Account on Plaintiff's Experian report.

38. After Plaintiff's June 2025 Dispute, Experian prepared and published Plaintiff's credit information to his current creditors and potential lenders which included the Account as past-due account obligations and as charged off, resulting in the Account appearing as a derogatory account on Plaintiff's credit reports and negatively impacting Plaintiff's credit scores.

39. Defendants' reporting of the Account as owed by Plaintiff personally is inaccurate because Plaintiff did not open the Account and therefore the Account must have been opened as a result of identity theft and fraud.

## DAMAGES

40. As a result of Defendants' reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account asserted as owed by him personally if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

41. As a result of Defendants' conduct, actions, and inactions, Plaintiff was

8

deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Accounts being reported as a derogatory, negative, or adverse account.

42. Overall, Plaintiff suffered damage to his reputation as a result of Defendants' conduct.

43. Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that he did not open the Account including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

44. Plaintiff suffered physical injury including, but not limited to, headaches, nausea, and loss of sleep as a result of Defendants' actions.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
**(As to Discover Only)**

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

45. Discover is subject to, and each violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or

9

furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

46. As described above, Plaintiff was not and is not personally liable for the Accounts, because: (i) Plaintiff did not personally apply for the Account or open the Account; (ii) Plaintiff did not authorize any person to open to the Account in Plaintiff's name or on Plaintiff's behalf; (iii) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account; and (iv) Plaintiff completed a sworn FTC ID Theft Affidavit.

47. Despite Plaintiff not being responsible for the Account, and despite Discover receiving notice of Plaintiff's disputes from Experian at minimum—including the information and documents referenced in the above paragraph—Discover willfully and/or negligently failed to request that Experian delete the tradelines associated with the Accounts and continued to report derogatory, late payment information to Experian including balances as significantly past-due and charged off.

48. Discover's refusal to request that Experian update their reporting of the Account as Plaintiff requested was intentionally, willfully, and knowingly done as Discover clearly possessed knowledge that the Account was created a result of identity theft and fraud.

49. Discover's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

50. Discover's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (As to Experian only)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

51. Experian is subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

52. Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports with respect to the Account.

53. Specifically, despite Plaintiff *repeatedly* advising Experian that Plaintiff did not open the Account, did not authorize any other person to open the Account in

his name or on his behalf, did not make any charges on the Account, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made on the Account—and therefore, the Account was opened as a result of identity theft and fraud—Experian continued to report the Account with balances due, with balances past-due, and with fraudulent derogatory payment history resulting in the Account being reported as derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

54. Further, Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Experian credit reports and credit files.

55. For example, despite Plaintiff's repeated disputes including an FTC identity theft affidavit information, Experian failed to request documents from Discover support of Discover's reporting of the Account.

56. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

57. Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*
### (As to Experian only)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

58. Experian is subject to, and each violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

59. Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

60. Overall, Plaintiff's disputes provided Experian with sufficient information and supporting documentation allowing Experian to identify that the alleged balances owed on the Account were created as a result of identity theft and fraud and therefore should be deleted and removed from Plaintiff's credit reports and credit files.

61. For example, despite Plaintiff's repeated disputes including an FTC

13

Report, Experian failed to request documents from Discover support of Discover's reporting of the Accounts.

62. Following each of Plaintiff's disputes, Experian continued to report the Account in Plaintiff's credit reports and files with significant balances due as well as derogatory, late payment information.

63. Experian's reinvestigation procedures are unreasonable.

64. Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

65. Experian's failure to review and reasonably consider all information received in Plaintiff's disputes, which clearly showed the alleged balance was created as a result of identity theft and fraud—was done in bad faith.

66. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

67. Experian's actions in violation of 15 United States Code, Section 1681i *et seq.*, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1681c-2**
**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

68. Experian is subject to, violated the provisions of, 15 United States Code, Section 1681c-2 by failing to block information in Plaintiff's Experian credit files that was identified by Plaintiff as information that resulted from an alleged identity theft within four (4) business days after receiving: (i) appropriate proof of Plaintiff's identity; (ii) a copy of an identity theft report; (iii) Plaintiff's identification of the information that resulted from identity theft and fraud; and (iv) a statement by Plaintiff that the disputed information is not information relating to any transaction by Plaintiff.

69. Experian willfully and/or negligently failed to block or delete information disputed by Plaintiff resulting from identity theft and fraud.

70. Specifically, Plaintiff provided Experian with information sufficient for Experian to corroborate Plaintiff's identity via a driver's license.

71. Also, Plaintiff provided Experian with the FTC Report, which asserted that Plaintiff was the victim of identity theft and fraud.

72. Further, Plaintiff's repeated written disputes clearly advised Experian that the derogatory information reported by Discover on the Account purely resulted from identity theft and fraud.

73. Moreover, Plaintiff's repeated written disputes clearly advised Experian

15

that Plaintiff did not authorize the transactions creating the Alleged Debt and did not benefit from the transactions in any manner.

74. Despite Plaintiff *repeatedly* Experian that Plaintiff did not initiate the open the Account that created the Alleged Debt, did not authorize any other person to open the Account in his name or on his behalf, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made with the cash advance—and therefore, the Alleged Debt was a result of identity theft and fraud—Experian *repeatedly* failed to block the Account information disputed by Plaintiff within four (4) business days of Experian receiving Plaintiff's disputes.

75. Instead, Experian continued to report the Account with balances due, with balances past-due, and as charged off resulting in the Account being reported as a derogatory, negative, or adverse accounts in Plaintiff's credit reports and credit files.

76. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

77. Experian's violations of 15 United States Code Section 1681c-2, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Discover and Experian for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

*/s/ Edward A. Icove*
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
Terminal Tower, Suite 3220
50 Public Square
Cleveland, Ohio 44113
Ph. (216) 802-0000; Fax (216) 802-0002
ed@icovelegal.com

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, pro hac
jdubbeld@swift-law.com
Swift Law PLLC
11300 4th Street N, Ste. 260
St. Petersburg, FL 33716
Telephone (727) 490-9919
Pro Hac Vice Motion Forthcoming

*Attorneys for Plaintiff*